Filed 10/27/21  P. v. Chessman CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KELVIN SCOTT CHESSMAN,<br><br>Defendant and Appellant. | B311528<br><br>(Los Angeles County<br>Super. Ct. No. BA266098) |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Kennedy, Judge.  Dismissed.

Richard B. Lennon and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Kelvin Scott Chessman appeals from an order denying his postjudgment motion to waive or modify a $10,000 restitution fine imposed pursuant to Penal Code[1] section 1202.4, subdivision (b). His appellate counsel has filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496. Because the superior court lacked jurisdiction to rule on Chessman's motion, its order denying the motion is not appealable. We accordingly dismiss the appeal.

On August 1, 2006, following his conviction of multiple offenses, Chessman was sentenced to a term of life without the possibility of parole plus 25 years to life for one count of murder, a consecutive life term plus 20 years for one count of attempted murder, and a consecutive life term plus 25 years to life for a separate count of attempted murder. The sentences imposed on all remaining counts were ordered to run concurrently. Without objection, the trial court also imposed a $10,000 restitution fine pursuant to section 1202.4, subdivision (b), and a $20 court operations assessment pursuant to section 1465.8, subdivision (a)(1).

A number of years after his sentencing, Chessman filed a motion to waive or modify the restitution fine.[2] Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, Chessman argued that he was indigent, and that the imposition of the restitution fine without determining his ability to pay violated his constitutional right to due process of law and the Eighth Amendment

---

[1] All statutory references are to the Penal Code.

[2] The specific date on which Chessman filed his motion is not set forth in the record.

prohibition against excessive fines.  On January 27, 2021, the superior court summarily denied Chessman's motion.

On March 15, 2021, Chessman filed an appeal from the order denying his motion.  We appointed counsel to represent Chessman on appeal.  After examining the record, appellate counsel filed an opening brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano*, *supra*, 211 Cal.App.4th 496.  On August 25, 2021, we advised Chessman that he had 30 days in which to submit a supplemental brief setting forth any grounds for appeal or contentions he wished for this court to consider.  Chessman did not submit a supplemental brief.[3]

"Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.  [Citations.]  If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and

_____

[3] *People v. Serrano*, *supra*, 211 Cal.App.4th 496 concluded that review under *People v. Wende* (1979) 25 Cal.3d 436 does not apply to appeals from orders denying postconviction relief. *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039 to 1040, review granted October 14, 2020, S264278, held that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and the defendant has not filed a supplemental brief.  The California Supreme Court is currently considering what procedures appointed counsel and appellate courts should follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit.  (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305.)  Pending further guidance from our Supreme Court, and out of an abundance of caution, we examine Chessman's appeal under *Wende*.

any appeal from such an order must be dismissed." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084; accord, *People v. Jinkins* (2020) 58 Cal.App.5th 707, 712.) Here, the execution of Chessman's sentence began well before he filed the motion that is the subject of this appeal. While "[u]nauthorized sentences and ' " 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings' " ' are correctable at any time" (*Torres*, at p. 1085), Chessman's claim of error, which is based on a factual evaluation of his ability to pay a restitution fine, does not fall within any of these exceptions. Because the superior court did not have jurisdiction to rule on Chessman's motion, its order denying the motion is nonappealable, and the appeal from such order must be dismissed. (See *Torres*, at p. 1083 [order denying postjudgment motion to modify restitution fine based on inability to pay was nonappealable]; *Jinkins*, at p. 713 [same]; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1203 [same].)

Even if the order were appealable, Chessman forfeited his claim of error by failing to object to the restitution fine when it was imposed. Decided in 2019, *People v. Dueñas*, *supra*, 30 Cal.App.5th at page 1164, held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before imposing a court facilities or court operations assessment or a restitution fine. However, prior to the *Dueñas* decision, a defendant had a statutory right to challenge the amount of a restitution fine imposed under section 1202.4 based on an inability to pay. Indeed, at the time of Chessman's sentencing in 2006, section 1202.4 expressly authorized the court to consider a defendant's inability to pay when setting the amount of a restitution fine

above the then $200 statutory minimum.  (See former § 1202.4, subd. (d) (Stats. 2005, ch. 240, § 10.5) [in "setting the amount of the fine . . . in excess of the two hundred-dollar ($200) . . . minimum, the court shall consider any relevant factors including . . . the defendant's inability to pay"].)  Because Chessman never raised any objection to the $10,000 restitution fine at his sentencing, he has forfeited his claim on appeal.  (See *People v. Miracle* (2018) 6 Cal.5th 318, 356 [where "defendant did not object to the [restitution] fine at his sentencing hearing, he has forfeited his challenge"]; *People v. Smith* (2020) 46 Cal.App.5th 375, 395 ["defendant forfeits a challenge to the trial court's imposition of a restitution fine above the statutory minimum for failing to consider his or her ability to pay if the defendant did not object in the trial court"]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [defendant "forfeited any ability-to-pay argument regarding the restitution fine by failing to object"].)

We have examined the entire record, and are satisfied Chessman's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


MATTHEWS, J.[*]

We concur:


EDMON, P. J.


EGERTON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.